UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LATUNYA MAGEE | CIVIL ACTION |
| VERSUS | NO. 17-10491 |
| THE CARPENTER HEALTH NETWORK, LLC and STAT HOME HEALTH, LLC. | SECTION A(2) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 8)** filed by Defendant Carpenter Health Network, LLC ("Carpenter Health"). Plaintiff Latunya Magee ("Magee") has not filed an opposition. The motion, set for submission on January 10, 2018, is before the Court on the briefs without oral argument. This matter is set as a jury trial beginning on August 13, 2018 at 8:30 a.m. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED** for the reasons set forth below.

**I.    Background**

Defendant Carpenter Health filed the instant motion seeking to dismiss Plaintiff Latunya Magee's claims against Carpenter Health for failure to state a claim for relief. On October 11, 2017, Magee filed a Complaint against Stat Home Health, LLC ("Stat Home Health") and Carpenter Health alleging employment discrimination on the basis of race in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Magee alleges that she was harassed, forced to work in a hostile work environment, and was terminated based on her race. Carpenter Health seeks to dismiss Magee's claims against it on the grounds that (1) Magee has not and cannot allege Carpenter Health was her employer under Title VII, (2) Magee has not and cannot allege Carpenter

Health was her employer under § 1981, and (3) Magee failed to exhaust her administrative remedies as to Carpenter Health. (Rec. Doc. 8).

   **II.     Legal Standard**

In the context of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in a light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff "at least one chance to amend." *Hernandez v. Ikon Office*

2

*Solutions, Inc.*, 306 Fed.App'x 180, 182 (5th Cir. 2009); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

However, that general rule does not apply if the proposed amendment would be futile. *Townsend v. BAC Home Loans Servicing, L.P.*, 461 Fed.App'x 367, 372 (5th Cir. 2011); *Jaso v. The Coca Cola Co.*, 435 Fed.App'x 346, 351–52 (5th Cir. 2011) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 at 714–21 (3d ed. 2004)).

### III. Law and Analysis

According to her Complaint, Plaintiff was employed by Carpenter Health as a licensed practitioner nurse beginning in October of 2014 and ending upon her termination in March of 2017. (Rec. Doc. 1, p. 3, ¶ 4). Plaintiff alleges that she saw approximately 20–26 patients per week and her duties included, but were not limited to: assessing patient conditions during home visits, performing evaluation tasks, dressing or redressing open wounds, and checking vital signs. *Id.* at ¶ 5. The majority of Plaintiff's allegations center on the actions of Melissa Hinebaugh ("Hinebaugh"), an office manager at Stat Home Health. Few of Plaintiff's allegations are directed towards Carpenter Health—movant in the instant motion.

While the Complaint is vague as to the nature of Plaintiff's employment arrangement, it seems that Plaintiff was immediately employed by Stat Home Health, which—the Complaint makes clear—is a subsidiary company of Carpenter Health. (Rec. Doc. 1, p. 3, ¶ 6). Most of Plaintiff's allegations seemingly took place in the Stat Home Health office and are geared towards Hinebaugh, who was undoubtedly a Stat Home Health employee. *Id.* at pp. 3–6, ¶¶ 6–21.

Therefore, the Court has sufficient reason to believe that Stat Home Health was Plaintiff's immediate employer.[1]

On this basis, Carpenter Health brings the instant motion arguing that it is not Plaintiff's employer within the meaning of Title VII or § 1981, and as a result, Plaintiff has failed to state a claim for relief. Carpenter Health additionally argues that Plaintiff has failed to state a claim for relief on the grounds that Plaintiff has not exhausted her administrative remedies.

**A. Plaintiff failed to exhaust her administrative remedies as to Carpenter Health.**

The Court finds that the most logical starting point in its analysis is determining whether or not Plaintiff sufficiently exhausted all of her administrative remedies prior to filing suit against Carpenter Health in this Court. Carpenter Health is correct in noting that employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of the right to sue. *Id.*

Plaintiff has failed to allege that she exhausted the proper administrative remedies against Carpenter Health before filing suit in this Court. Concerning the filing of an EEOC claim, Plaintiff makes only the following allegations in her Complaint: (1) in May of 2016, Plaintiff filed her complaint with the EEOC; and (2) after the Plaintiff filed her complaint with the EEOC, Stat Home Health dropped her patient load from 20-26 patients per week to 10-15 patients per week. (Rec. Doc. 1, p. 5, ¶¶ 15–16). The Complaint does not provide who Plaintiff specifically filed her Complaint against. However, Carpenter Health argues in its memorandum to this motion to dismiss that the EEOC charge was brought only against her employer, Stat Home Health. (Rec.

---

[1] In fact, Carpenter Health's memorandum states that Carpenter Health has never employed Plaintiff. (Rec. Doc. 8-1, p. 5).

Doc. 8-1, p. 6). Plaintiff has not filed an opposition arguing to the contrary. Moreover, Plaintiff has not attached a copy of her EEOC complaint to any of the pleadings filed in the instant matter. The Court is unwilling to infer from Plaintiff's Complaint that her EEOC complaint was filed against both Stat Home Health and Carpenter Health. Therefore, the Court finds that Plaintiff has failed to exhaust the proper administrative remedies and her claims against Carpenter Health must be dismissed.

**B. Plaintiff has failed to properly allege that Carpenter Health was her employer under Title VII and § 1981.**

Carpenter Health also argues that Plaintiff's claims under Title VII and § 1981 should be dismissed because Plaintiff's Complaint fails to establish an employer-employee relationship under the applicable federal law.[2] Under Title VII, the Court must engage in a two-step process to determine whether a defendant is an employer. *Adams v. Archer Daniels Midland, Inc.*, 15-1246, 2016 WL 1298976, at *3 (E.D. La. 2016) (citing *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007)). First, the Court must determine whether a defendant meets the statutory definition of an "employer," defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person. . . ." *Id.* (citing 42 U.S.C. § 2000e(b)). If this definition is met, the Court must then determine whether an employment relationship exists between the plaintiff and the defendant. In making this determination, the Court must apply the following test:

> To determine whether an employment relationship exists . . ., "we apply a 'hybrid economic realities/common law control test.'" The most important component of

---

[2] It is well-settled law that § 1981 claims and Title VII claims are analyzed under an identical framework. To establish a *prima facie* violation of § 1981, a plaintiff must make the same showing required under Title VII. *Payne v. Travenol Laboratories, Inc.*, 673 F.2d 798, 818 (5th Cir. 1982); *Rivera v. City of Witchita Falls*, 665 F.2d 531, 534 n. 4 (5th Cir. 1982). In order to prove racially discriminatory treatment in violation of Title VII, the plaintiff bears the initial burden of establishing a *prima facie* case of racial discrimination. Therefore, the Court's analysis and decision as to Plaintiff's Title VII is conclusive as to Plaintiff's § 1981 claim, as well.

5

> this test is "[t]he right to control [the] employee's conduct." "When examining the control component, we have focused on whether the alleged employer has the right" to hire, fire, supervise, and set the work schedule of the employee. . . . The economic realities component of the test focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment."

*Id.* (internal citations omitted) (summarizing the test set forth in *Deal v. State Farm Cnt. Mut. Ins. Co.*, 5 F.3d 117 (5th Cir. 1993)).

Plaintiff makes no allegations regarding which entity exercised control over the terms of her employment. Nowhere in her Complaint does Plaintiff aver that Carpenter Health exercised control over her by supervising her, recording her hours, or giving her work assignments. The Complaint is devoid of allegations concerning who paid Plaintiff's salary, withheld taxes, provided benefits, and the like.

For these reasons, the Court is not convinced that Plaintiff's employment relationship is the type in which Carpenter Health would be considered an "employer" for the purposes of bringing a Title VII claim. The Court notes that Plaintiff's Complaint is altogether scarce with allegations concerning Carpenter Health. While Plaintiff alleges that Stat Home Health is a subsidiary of Carpenter Health, the Complaint makes it unclear as to the extent of control or influence that Carpenter Health played in the course of Plaintiff's employment. In sum, the nature of Plaintiff's relationship with Carpenter Health is unknown, which means that Plaintiff has failed to sufficiently plead that Carpenter Health is her employer for Title VII purposes. Therefore, the Court finds that Plaintiff has failed to set forth sufficient allegations of control to survive the instant 12(b)(6) motion.

### IV.  Conclusion

Allowing Plaintiff to amend her complaint in the instant case would be futile as she has no cause of action against Carpenter Health as a matter of law under Title VII or § 1981. The Court

dismisses Plaintiff's claims against Carpenter Health on the grounds that she has failed to exhaust her administrative remedies. Moreover, the Court finds that Plaintiff has failed to properly allege Carpenter Health was her "employer" for the purposes of her Title VII and § 1981 claims. For the reasons set forth above, the Court grants Carpenter Health's motion to dismiss.

Accordingly;

IT IS ORDERED that Defendant's **Motion to Dismiss (Rec. Doc. 8)** is **GRANTED**. Plaintiff's claims against Carpenter Health, LLC are **DISMISSED WITH PREJUDICE.**

January 23, 2018

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　JUDGE JAY C. ZAINEY
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE